# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN PHARMACY CONSULTANTS, LLC, | )<br>)<br>) |
| Plaintiff/Counterdefendant, | )<br>) |
| v. | ) NO. 3:13-cv-1100<br>) JUDGE CAMPBELL |
| SMART FILL MANAGEMENT GROUP, INC, | )<br>)<br>) |
| Defendant/Counterplaintiff. | ) |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion for Partial Summary Judgment, in which it seeks judgment on Plaintiff's Tennessee Consumer Protection Act ("TCPA") claim on the basis that Plaintiff is a seller of services, not a consumer as defined by the TCPA. Docket No. 65. The motion has been fully briefed and is ripe for review. For the reasons stated herein, the Court will grant judgment for Defendant on this claim.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff's principal, Steve Hatfield, provides business consulting services to pharmacies. Before the parties entered into the contract at issue in this case, Mr. Hatfield was the president of a non-profit organization made up of independent pharmacies in Tennessee whose function was to negotiate prices from drug wholesalers as a group to provide leverage in price negotiations with pharmaceutical distributors comparable to that enjoyed by larger pharmacy chains. Defendant is a company that provides a variety of business services to independent pharmacies, including facilitating this type of group purchasing with drug wholesalers. Defendant wanted to expand into

---

[1]The facts are taken from the Amended Complaint and Defendant's Answer thereto.

Tennessee and approached Mr. Hatfield about associating with his organization. At that time, Plaintiff's organization had nineteen member pharmacies. Based on Defendant's proposal, Mr. Hatfield's organization decided to dissolve and have its members become members of Defendant, such that Defendant would take over negotiating with pharmaceutical distributors on their behalf.

On April 4, 2011, the parties entered into the contract at issue in this case. Pursuant to the contract, until the end of 2012, independent pharmacies who became Defendant's members were to receive certain discounts. Plaintiff alleges that Defendant was to pay administrative fees to Plaintiff based on the purchases made by all the pharmacies that became Defendant's members, whether or not the pharmacy was recruited by Mr. Hatfield, and that this payment plan was reflective of the fact that Mr. Hatfield would immediately bring nineteen members to Defendant, had the potential to bring many more, and brought instant credibility to Defendant in the state of Tennessee. Docket No. 74 at ¶ 11 (Amended Complaint). Plaintiff further alleges that although it was not contractually obligated to service existing customers, it did so anyway, answering their questions and acting as an intermediary between the members and Defendant, largely by use of an independent contractor. *Id.* at ¶ 14. Defendant, in turn, denies that associating with Mr. Hatfield brought it credibility and further states that it did, in fact, pay fees for "Qualified Members who were compliant with certain agreements" that were actually recruited by Plaintiff and for whom Plaintiff performed its "required administrative services." Docket No 82 at ¶¶ 11, 13 (Answer). In short, Plaintiff alleges that Defendant failed to pay it all the administrative fees due under the contract, which Defendant denies. Docket Nos. 74 at ¶ 15; 82 at ¶ 15.

On September 28, 2012, Plaintiff filed this action against Defendant. On December 30, 2014, Plaintiff filed an Amended Complaint raising the following claims: (1) declaratory judgment; (2)

breach of contract; (3) violation of the Tennessee unpaid commissions statute; (4) violation of the Tennessee Consumer Protection Act; and (5) intentional misrepresentation. Plaintiff Southern Pharmacy Consultants is a Tennessee limited liability company. Defendant Smart Fill Management Group is a Minnesota corporation with its principal office located in Austin, Minnesota. Plaintiff alleges that Defendant conducts substantial business in the State of Tennessee, that the contract between the parties was executed in Davidson County, Tennessee, and that the contract has been substantially performed in the State of Tennessee. Federal court jurisdiction is based on diversity of the parties, pursuant to 28 U.S.C. § 1332.

## II. Standard of Review

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett* 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan* 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be

3

more than "merely colorable." *Anderson*, 477 U.S. at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## III. Legal Analysis

Defendant has moved for partial summary judgment, asserting that it is entitled to judgment as a matter of law in its favor on Plaintiff's TCPA claim because Plaintiff is a seller of services, not a "consumer" as defined by the Act. The Act is designed to "protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-102(2). Pursuant to the Act, "[a]ny person who suffers an ascertainable loss of money or property . . . as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1). However, the Act also requires that the "unfair or deceptive act" affect "trade or commerce." Tenn. Code. Ann. § 47-18-104(b). The Act defines "trade, commerce, or consumer transaction" as "advertising, offering for sale, lease or rental, or distribution." Tenn. Code Ann. § 47-18-103(19). Thus, to have a viable claim under the Act, the defendant must be engaged in the advertising, offering for sale, lease or rental, or distribution of goods or services, and the plaintiff must be "a person or corporation that seeks to purchase, rent, or lease goods or services." Tenn. Code Ann. § 47-18-103(2) (defining "consumer").

Here, the parties agree that the contract provides that Defendant is to pay Plaintiff administrative fees in return for performing administrative services and for recruiting new members to Defendant's group. Docket No. 84 at ¶¶ 2–3 (Pl.'s Resp. to Def.'s Statement of Undisputed

4

Facts). The parties further agree, at least for purposes of this motion, that Plaintiff did not purchase or rent or lease any product or service from Defendant or make any sort of payments to Defendant. Id. at ¶¶ 4–5. Thus, it is undisputed that, under the contract at issue here, the Plaintiff was obligated to provide services to Defendant, not the other way around.

The Court is persuaded by the plain language of the statute and the case law cited by Defendant that the TCPA does not apply to the conduct of which Plaintiff complains because Plaintiff is not a "consumer" as defined by the Act. For example, in *Hood Land Trust v. Hastings*, the Tennessee Court of Appeals reversed the trial court's holding that the Act applied to the facts of that case, explaining "the plaintiff in this case is not a consumer with respect to the defendants because he was not seeking to purchase anything from them. *See* Tenn. Code Ann. § 47-18-103(2). Instead, the plaintiff was acting as a seller because he was offering real estate for sale." No. M200902625COAR3CV, 2010 WL 3928647, at *10 (Tenn. Ct. App. Oct. 5, 2010). The Court disagrees with Plaintiff's argument that the basis for the *Hood* decision was that the defendant did not actually purchase the property at issue, such that there was no transaction upon which to base a TCPA violation. The above-quoted language from the opinion makes clear that the key to the *Hood* decision was that the Act did not apply to the transaction in that case because the plaintiff was a seller, not a purchaser, so was not a "consumer as defined by the Act." *Id.*

Similarly, in *Wagner v. Fleming*, the Tennessee Court of Appeals found that the TCPA did not apply in a case where the plaintiff was trying to sell land and the defendants posted signs along their own property to dissuade members of the public from purchasing plaintiff's property at an auction on the basis of the defendant's belief that an energy company might obtain the property to create a new project on that property that defendant found objectionable. 139 S.W.3d 295, 301

(Tenn. Ct. App. 2004). The *Wagner* court concluded that because the plaintiff was not "a consumer with respect to the defendants because he was not seeking to purchase anything from them," the Act did not apply to the facts of that case. *Id.*

Similarly, this Court dismissed under Federal Rule of Civil Procedure 12(b)(6) a TCPA claim in which the Plaintiff had failed to "cite any case law for the novel proposition that the Tennessee Consumer Protection Act protects not just consumers, but also sellers, on the opposite side of the transaction." *Withco, LLC v. Republic Servs. of Tennessee, LLC*, No. 3:09-1207, 2011 WL 1099905, at *5 (M.D. Tenn. Mar. 23, 2011). The *Withco* court rejected the argument raised by Plaintiff here, that the TCPA is to be liberally construed to protect consumers and others from those who engage in deceptive acts or practices, even where a plaintiff is not engaged in selling a product or good:

> The Tennessee Supreme Court found in *Pursell v. First American National Bank* that "[t]he parameters of the Act ... do not extend to every action of every business in the State" and found that repossession by a bank did not constitute trade or commerce within the meaning of the TCPA. 937 S.W. 2d 838, 841 (Tenn.1996). In *Pursell*, the court found that the plaintiff's allegations even "if taken as true, establish[ed] only that the defendants breached an agreement .... Such allegations do not form the basis of an action under the Tennessee Consumer Protection Act." *Id.* at 841–42.

*Id.*

The language of the statute and the cited legal authority are clear that although a defendant may have engaged in a business activity that involved some underlying unfair or deceptive act or practice that harmed an individual or entity, the TCPA nonetheless only applies if the plaintiff is a "consumer" as defined by the Act.[2] This is a breach of contract case, not a TCPA case. Because

---

[2]Plaintiff cites *Wyndham Vacation Resorts, Inc. v. Consultant Grp.*, No. 2:12-CV-00096, 2014 WL 1922791 (M.D. Tenn. May 14, 2014), but the Court's review of that case does not alter its analysis or conclusion in this matter.

Plaintiff is not a "consumer" as defined by the TCPA, the Court will enter judgment in favor of Defendant on this claim.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will enter judgment in favor of Defendant on Plaintiff's Tennessee Consumer Protection Act claim.

An appropriate order is filed herewith.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE
