UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SOUTHERN PHARMACY CONSULTANTS, )
LLC                             )
                                )
        Plaintiff               )
                                )   No. 3:13-cv-1100
v.                              )   Judge Campbell/Bryant
                                )
SMART Fill MANAGEMENT GROUP,    )
INC.                            )
                                )
        Defendant               )

## MEMORANDUM AND ORDER

Plaintiff Southern Pharmacy Consultants, LLC ("Southern Pharmacy") has filed its second motion for sanctions (Docket Entry No. 91) and Defendant Smart Fill Management Group, Inc. ("Smart Fill") has filed a response in opposition (Docket Entry No. 98).

For the reasons stated below, Southern Pharmacy's motion for sanctions is **GRANTED IN PART** and **DENIED IN PART**.

By this motion, Southern Pharmacy challenges as insufficient Smart Fill's responses to Interrogatories 9(e) and 23 of Southern Pharmacy's first set of interrogatories. Smart Fill asserts that its responses, as supplemented, are sufficient and in compliance with applicable discovery rules.

Southern Pharmacy's Interrogatory No. 9(e) reads as follows:

> 9.  With respect to each occasion on which You contend that [Southern Pharmacy] failed to perform an administrative duty or other obligation that it was obligated to perform

under the [Group Purchasing Organization Agreement], identify (e) all damages suffered by You as a result.

By supplemental response served on January 30, 2015, Smart Fill responded to Interrogatory No. 9(e) as follows: "SFMG does not intend to seek damages as a result of lost pharmacies arising from Plaintiff's breach of the contract."

Southern Pharmacy's Interrogatory No. 23 reads as follows: "Identify all monetary damages, not already identified, that You contend have been suffered by You as a result of any breach of the GPOA by Southern Pharmacy." By supplemental response served on January 30, 2015, Smart Fill responded: "See Second Supplemental Response to Interrogatory No. 9(e)." (Docket Entry No. 92-2).

Southern Pharmacy argues in this motion that the foregoing supplemental responses are evasive and insufficient. Specifically, Southern Pharmacy argues that despite the fact that Smart Fill has amended its counterclaim to eliminate a claim for certain monetary damages, Smart Fill is not relieved of the obligation to respond directly to the two subject interrogatories. (Docket Entry No. 92). In response, Smart Fill states that it is not seeking damages for Southern Pharmacy's failure to provide administrative services or for Southern Pharmacy's alleged breach of contract (Docket Entry No. 98 at 2). Smart Fill states that it

2

is seeking damages for overpayments it made to Southern Pharmacy after certain pharmacies were removed from the B or C matrix pricing or their generic rebate exceeded seven percent (7%) (Docket Entry No. 98 at 1 n. 1). Smart Fill states that it has provided in discovery detailed information on such alleged overpayments.

Rule 37(b)(2) of the *Federal Rules of Civil Procedure* provides certain sanctions that the Court may impost when a party has failed to obey a discovery order. Among these sanctions is the following: "prohibiting the disobedient from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Fed. R. Civ. P.* 37(b)(2)(A)(ii). This provision prevents a party from being ambushed at trial by the introduction of claims or evidence called for in discovery but not produced by the adversary party.

The two interrogatories at issue in this motion seek information related to damages that Smart Fill contends it suffered as the result of Southern Pharmacy's alleged breach of the GPOA. From its supplemental discovery responses and its motion papers, it appears that Smart Fill will not contend that it suffered, or seek to recover at trial, monetary damages beyond those it has disclosed in its discovery responses.

At this juncture, the undersigned Magistrate Judge cannot know what Smart Fill will eventually contend at the trial of this

case. Therefore, it may be that Smart Fill's discovery responses at issue are adequate and sufficient. Nevertheless, the undersigned will grant Southern Pharmacy's motion to the extent stated below.

The undersigned Magistrate Judge finds that Southern Pharmacy's motion for sanctions should be **GRANTED** to the extent that at trial Smart Fill shall be precluded from asserting any claim for damages to the extent that such claim is responsive to Interrogatory Nos. 9(e) or 23, or offering evidence in support thereof, to the extent that such claim and evidence was called for by these two interrogatories and not otherwise disclosed in discovery by Smart Fill. To the extent that Southern Pharmacy's motion for sanctions seeks additional relief, the motion is **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge